O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE FRUEHAUF TRAILER CORPORATION; CHRISS W. STREET, | ) ) ) ) | Case No. CV 11-09218 DDP ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT |
| Plaintiffs, | ) ) ) | Bankruptcy Court case number: 2:96-bk-1563-RN |
| v. | ) ) | Adversary number: 2:08-ap-1865-RN, |
| DANIEL W. HARROW, AS SUCCESSOR TRUSTEE OF THE END OF THE ROAD TRUST, AND AMERICAN TRAILER INDUSTRIES, INC., | ) ) ) ) ) ) | BAP case number: cc-11-1585, |
| Defendants. | ) ) ) | |
| _____ | ) | |

On November 7, 2011, Chriss W. Street appealed an order of the bankruptcy court denying a Motion for Relief from Judgment and/or a Continuance of Trial.[1]  Appellees Daniel W. Harrow, as Successor Trustee of The End of the Road Trust, and American Trailer Industries, Inc. (collectively "Appellees") urge the court to

---

[1]Notice of Appeal, Docket No. 2; Appellant's Opening Brief ("Appellant's Opening Brief"), Docket No. 21; see also Appellant's Reply Brief ("Appellant's Reply"), Docket No. 31.

1  affirm.[2]  The heart of Street's appeal is that his attorney Phillip
2  Greer allegedly provided inadequate representation during the trial
3  and pretrial stages of this case. For the reasons discussed herein,
4  the court AFFIRMS the bankruptcy court's decision.

5                          I.  FACTUAL BACKGROUND

6      A.   The Action

7      On October 7, 1996, Fruehauf Trailer Corporation and related
8  entities ("Fruehauf") filed petitions for relief under Chapter 11
9  of the Bankruptcy Code.[3]  The plan of reorganization provided for
10 the creation of a trust to liquidate the debtors' assets for the
11 benefit of Fruehauf's creditors.[4]  Pursuant to the plan, Chriss
12 Street and Fruehauf entered into a trust agreement creating The End
13 of the Road Trust ("the Trust").[5]  Street served as trustee of the
14 Trust from October 1998 to August 2005.[6]  Plaintiff Daniel Harrow
15 ("Harrow") replaced Street as trustee of the Trust on August 1,
16 2005.[7]  In his capacity as successor trustee for the Trust, Harrow
17 commenced an adversary action against Street in February 2007 in
18 the United States Bankruptcy Court for the District of Delaware.[8]

19     Street commenced an action in Delaware Chancery Court against
20 Harrow seeking an order directing the Trust to advance costs and

21 _____

22     [2]Appellee's Opening Brief ("Appellee's Brief"), Docket No. 26.

23     [3]Appellant's Excerpts of Record ("AER"), Docket No. 23, Tab 1 at 6.

24     [4]Id.

25     [5]Id., Tab 6 at 125.

26     [6]Id. at 126.

27     [7]Id.

28     [8]Appellant's Supplemental Excerpts of Record ("SER"), Docket No. 28 (June 25, 2012), at 162.

attorneys' fees he had incurred defending against claims related to his role as former trustee.[9]   Harrow removed the action to the United States District Court for the District of Delaware, which referred the action to the bankruptcy court.   Street was represented during pretrial and trial phases of the adversary action by attorney Phillip Greer.[10]

On October 9, 2008, both the adversary action and Street's lawsuit were transferred to the United States Bankruptcy Court for the Central District of California.   On October 14, 2008, Harrow filed a second adversary proceeding against Street alleging that Street had breached the Trust agreement and breached fiduciary duties he owed the Trust as well.[11]

B.   Pretrial Proceedings

The bankruptcy court held a pretrial conference in the adversary proceeding on November 4, 2009.   Street's attorney failed to appear at the conference, although he had appeared at prior

---

[9] Appellees' Supplemental Excerpts of Record ("SER"), Tab 3 at 19-25, Docket No. 28.

[10]AER, Tab 2 at 44-63 (Street's answer to second amended complaint, signed by Greer);  SER, Tab 27 at 303.  Statements Greer made at a pretrial conference suggest that he conducted discovery and took and/or defended depositions during the lawsuit.  (SER, Tab 24 at 225-28.)
   Harrow suggests that Greer also represented Street in the action filed by Street, but the record is not clear on that point.  As support for this proposition, Harrow cites a pretrial conference in the adversary action that took place on September 16, 2009, at which the parties discussed the status of Street's action.  (Id. at 220-25.)  Greer stated that Street was "still working with Delaware counsel" on matters related to the action, and that "that's being handled back in Delaware.  I'm really not involved in that."  (Id. at 220.)  Greer's statements, however, suggest that, at a minimum, he was not the primary counsel of record.

[11]AER, Tab 25 at 427.

3

1   pretrial conferences.[12]  As a consequence, the bankruptcy court

2   dismissed Street's action for failure to prosecute, and directed

3   appellees' counsel to give Street's attorney another opportunity to

4   address pretrial stipulations in the adversary action.[13]

5       Harrow submitted a pretrial order as directed.  Greer did not

6   object, and on December 18, 2009, the court entered an order

7   approving the proposed pretrial conference order.[14]  The order

8   listed 81 undisputed or stipulated facts, 31 disputed facts, and

9   issues of law regarding to appellees' claims and Street's

10  counterclaim, identified witnesses, and included an exhibit list.[15]

11  Among these facts are figures comprising Harrow's damage claim.[16]

12  While Greer signed the proposed order,[17] and the proposed order

13  indicates that it was jointly submitted, it contains minimal

14  information regarding the evidence Street intended to introduce at

15  trial, or any of Street's factual or legal contentions.[18]

16

17

18

19      [12]SER, Tab 27 ("Nov. 4, 2009 Transcript") at 239.

20      [13]Id. at 249-58.

21      [14]AER, Tab 3 at 64.

22      [15]See generally, id.

23      [16]Id. at 65-75.

24      [17]Id. at 87.

25      [18]Regarding the exhibits, the pleading stated that appellees intended to

26  introduce certain exhibits and that they had given Street a copy of the
    exhibits. (Id. at 85.) In contrast, the document is silent concerning Street's

27  intention to introduce exhibits.  Likewise, the document states that appellees
    intended to call certain witnesses, and stated: "Defense counsel has failed to

28  identify any witnesses, but it is believed by Plaintiffs that Defendant will
    call Chriss Street and Dennis W. Sinclair."  (Id.)

The bankruptcy court held another pretrial conference on
January 6, 2010,[19] at which the parties discussed their respective
preparations for trial.  When asked about Street's trial exhibits,
Greer stated that the exhibits listed in the pretrial order "were
pretty mutual," and "derive[d] from the same activities."[20]  He
suggested that he would seek to offer a final expert report
prepared by Dennis Sinclair, whom he intended to call as a
witness.[21]  The parties also discussed the disputed and undisputed
facts in the pretrial order, and the court asked a number of
questions regarding the precise issues to be tried.[22]  Based on
discussions at the pretrial conference, the parties submitted an
amended proposed pretrial conference order that once again stated
it was jointly submitted, and the pleading was signed by counsel
for both parties.[23]  The amended order contained the same 81
stipulated facts and 31 disputed facts found in the prior order,
set forth issues of law to be resolved by the court, and identified
witnesses and exhibits.  Like the previous pleading, it contained
few references to Street's exhibits, witnesses, or contentions.
Although the order stated that appellees were "trial ready" and
that they estimated it would take two days to present their case,

[19]AER, Tab 26 at 260.

[20]Id. at 264.

[21]Id. at 264, 272-73.

[22]Id. at 274-85.

[23]AER, Tab 4 at 91-116.

5

1  the pleading is silent regarding Street's readiness or trial time

2  estimates.[24]

3      The bankruptcy court signed and filed the amended pretrial

4  conference order and served it to the parties on January 14,

5  2010.[25]  That same day, Greer filed an amendment to the order

6  confirming that he intended to call Street and Sinclair as

7  witnesses at trial.[26]

8      C.   The Trial

9      The bankruptcy court presided over a two-day trial on February

10  3-4, 2010.  Six witnesses testified, and the parties introduced a

11  number of stipulated exhibits and undisputed rebuttal exhibits.[27]

12  Street was present in the courtroom during a substantial portion of

13  the trial.[28]

14      The bankruptcy court made several evidentiary rulings during

15  the trial, some of which excluded exhibits that had not been

16  produced in discovery.[29]  On several occasions, the bankruptcy

17  court prohibited Street from offering testimony that contradicted

18

19  _____

   [24]Id. at 113.

20
   [25]Id. The Amended Pretrial Order contained the following concluding
21  paragraph:
      "EFFECT OF PRETRIAL ORDER
22      "The foregoing admissions have been made by Plaintiffs and
      Defendant, and Plaintiffs and Defendant specified the foregoing
23      issues of fact and law remaining to be litigated. Therefore, this
      order shall supersede the pleadings and govern the course of trial
24      of this cause, unless modified to prevent manifest injustice." (Id.
      at 113.)
25
   [26]AER, Tab 5 at 117-20.
26
   [27]SER, Tabs 27-28.
27
   [28]SER, Tab 28 at 337.
28
   [29]SER, Tab 28 at 355-57.

6

stipulated facts in the amended pretrial order.[30]  The parties

dispute whether Street testified under oath that he did not dispute

the validity of any of the stipulated facts.  On February 4, 2010,

at the conclusion of the appellees' case, appellees' counsel Robert

Kugler, stated:

> "MR. KUGLER: I guess that brings us back to the question.
> That concludes our presentation on liability.  I'd
> reiterate again that our liability case is made up not only
> of testimony, but of the stipulated facts and the 163
> exhibits that have been submitted to the Court, that have
> been stipulated to by Mr. Street.  So we're done with
> liability.
> "THE COURT: Okay.  Thank you."[31]

The following morning, on direct examination by Greer, Street

testified:

> "Q: Mr. Street, you were here yesterday for all the
> testimony of Mr. Harrow, Ms. Dolan, and Mr. Wynn, correct?
> A: Yes.
> Q: And you heard Mr. Kugler recite a number of stipulated
> facts, did you not?
> A: Yes.
> Q: And do you agree with those stipulated facts?
> A: Yes.
> Q: Are those the only facts that are pertinent in this
> matter?
> A: No.
> Q: Are there other facts that were not stipulated to?
> A: Yes."[32]

---

[30] See e.g., SER, Tab 28 at 338-40, 342-50.  For example:
"[MR. GREER:] So would it be your opinion then that the stipulated
fact of $2,074,000 is incorrect?
STREET: Yes.
MR. KUGLER: Your Honor –
THE COURT: Object. You stipulated that was a fact, Mr. Greer. So –
MR. GREER: I appreciate that, your Honor.
THE COURT: Let's not challenge your own stipulation.
MR. GREER: I can't unstipulate it. I understand your Honor.  Thank
you."  (Id. at 345.)

[31] Id. at 325.

[32] Id. at 337.

7

1  Appellees contend in this testimony Street conceded the accuracy of
2  the stipulated facts set forth in the amended pretrial order.
3  Street argues that he agreed only to certain uncontroversial
4  stipulated facts cited by Harrow's counsel the previous day, such
5  as those concerning creation of the trust.[33]

6       Later that day, Greer attempted to qualify Dennis Sinclair as
7  a damages expert.  Appellees objected after Sinclair testified that
8  his opinions were based on certain documents Street had withheld
9  during discovery, and Greer withdrew Sinclair's testimony.[34]
10  Street, who was present in the courtroom, did not object to the
11  withdrawal.

12       The parties filed post-trial briefs on February 18, 2010.[35]
13  On March 5, 2010, the bankruptcy court issued a memorandum opinion
14  and entered judgment in favor of appellees, awarding them
15  approximately $7 million in damages.[36]  The court also found for
16  Harrow on Street's counterclaim for indemnification.[37]

17       D.   The Direct Appeal

18

19

20  _____

21       [33]Because a complete transcript of the prior day's proceedings is not
   included in the record, the court cannot determine which party has the better
22  argument.  (Appellant's Opening Brief at 6 n. 3.)

23       [34]SER, Tab 28 at 366-71.  The trial transcript does not clearly reflect
   why Greer withdrew Sinclair, but it appears that he did so after it became
24  evident that Sinclair had relied on certain documents that should have been, but
   were not, made available to appellees.

25       [35]AER, Tab 25 at 433.

26
       [36]AER, Tab 6 at 122.  The bankruptcy court also held in Harrow's favor on
27  Street's counterclaim for indemnification. (Id.)  In calculating damages, it
   relied heavily on the stipulated facts.

28       [37]Id.

8

1   After entry of judgment, Street obtained new counsel, James

2   Hayes.[38]  Hayes appealed the judgment to the district court on

3   March 25, 2010,[39] raising three issues: (1) the bankruptcy court

4   erred in applying Delaware trust law;(2) there was insufficient

5   evidence to show that Street breached his fiduciary duties and/or

6   violated the trust agreement, and (3) the bankruptcy court abused

7   its discretion in making certain evidentiary rulings during

8   trial.[40]

9   Hayes submitted an opening brief on June 18, 2010, and a

10  corrected brief on June 22, 2010.[41]  The opening brief argued only

11  the first two issues identified for appeal; it did not address any

12  of The bankruptcy court's evidentiary rulings at trial.[42]  The

13  opening brief did, however, make the following statement regarding

14  Greer's performance as trial counsel:

15          "The undersigned counsel did not represent Appellant
        in any way before or during the trial on this proceeding.
16      The Court will no doubt note, as it reads the trial
        transcripts, the thoroughly incompetent preparation and
17      presentation of Appellant's defense made by his then
        counsel Phillip B. Greer.  This included Mr. Greer's
18      stipulation to 81 facts as undisputed at trial without
        Appellant's authorization.  Appellant makes no excuse for
19      his counsel's performance nor does he assert it as sole
        grounds for this appeal.
20          "Mr. Greer's incompetent performance notwithstanding
        the bankruptcy court made substantial errors of law and
21      abuse of discretion in failing to enforce the exculpatory
        provisions of the trust agreement and the proper standards
22      of review to the evidence presented by both parties.  These
        errors warrant reversal of the judgment and either entry of

23

24  _____

    [38]See SER, Tab 2.
25
    [39]See AER, Tab 8.
26
    [40]See id.
27
    [41]See SER, Tab 4.
28
    [42]Id. at 34.

                                    9

1   the judgment in Appellant's favor or remand to the
2   bankruptcy court for retrial of both the liability and
    damages portions of the proceeding."[43]

3   These paragraphs constitute the brief's sole reference to the

4   bankruptcy court's evidentiary rulings and Greer's performance as

5   trial counsel.  The opening brief also asserted that "[b]y

6   agreement of the parties, the Amended PTO set forth 81 stipulated

7   facts," and that "[d]uring the two-day trial, Appellant firmly

8   defended his actions as trustee as being absolutely shielded by

9   provisions of the trust agreement."[44]

10      This court affirmed the bankruptcy court's judgment on May 23,

11  2011.  In re Fruehauf Trailer, No. CV 10-02312 DDP, 2011 WL 2014672

12  (C.D. Cal. May 23, 2011).  It found that the bankruptcy court had

13  correctly applied Delaware law and that there was substantial

14  evidence to support the judgment.  Id.  Hayes represented Street

15  throughout his first appeal.  Id.

16      E.  Street's Rule 60 Motions

17      While the appeal was pending, on March 4, 2011, Hayes served

18  and filed a substitution of attorney in the bankruptcy court, which

19  substituted Street pro se.[45]  Three days later, on March 7, 2011,

20  Street filed two documents: a motion for relief from judgment under

21  Rule 60(b), and an application to file the motion under seal.[46]

22  The parties dispute the date these documents were actually filed;

23  the copies submitted to the court bear file-stamps of March 7,

24  ────────────────

25  [43]Id. at 38-39.

26  [44]Id. at 37, 49.

27  [45]See SER, Tab 7.  Hayes did not withdraw or file a similar substitution
    of counsel in the district court appeal.

28  [46]See AER, Tabs 9-10.

2011, and electronic docket notations indicating that they were entered on March 8, 2011.[47]  Street also filed an "amended" motion for relief from judgment on March 11, 2011.[48]  Harrow filed an opposition and a motion to strike the March 7 application to file under seal and the March 11 motion.[49]  The bankruptcy court scheduled a hearing for May 19, 2011.[50] The bankruptcy court considered Street's additional motions at the May 19 hearing.

Street's March 11 Rule 60(b) motion sought to set aside the judgment on three grounds: (1) excusable neglect under Rule 60(b)(1); (2) newly discovered evidence under Rule 60(b)(2); and (3) fraud on the court under Rule 60(b)(3).[51]  Street's argument under Rule 60(b)(1) was based on Greer's allegedly inadequate representation and focused primarily on Greer's agreement to stipulate to the facts set forth in the amended pretrial conference order, as this had played a role in the court's entry of judgment against Street.[52]  Street did not invoke Rule 60(b)(6), and did not cite that provision in his moving papers.

On June 9, 2011, The bankruptcy court entered a series of orders regarding the applications and motions pending before the

---

[47]As discussed below, there is some confusion in the record as to when these pleadings were actually filed.

[48]See AER, Tab 12.

[49]See AER, Tabs 13-14; SER, Tab 9.

[50]AER, Tab 13 at 249.

[51]AER, Tab 12 at 219-24.

[52]Id.

court.[53]  He concluded, inter alia, that he lacked jurisdiction to entertain the motions as they were filed while the case was pending before this court on appeal.  Several of the orders nonetheless addressed whether Street's March 11 Rule 60(b) motion and his April 20 Rule 60(b) motion had been timely filed:

> "The judgment in this case was entered on March 5, 2010. One year, would be March 5, 2011, which is a Saturday. Pursuant to Rule 9006(a)(1)(C), the deadline to file a Rule 60(b) motion would be on March 7, 2011 – the following Monday.  The original Rule 60 Motion was not filed on March 7, 2011, as required by Rule 60(c).  The reality is that the first Rule 60 Motion filed by the Defendant was on March 11, 2011 and not on March 7, 2011.  Thus, the motion was filed untimely.  Even if a Rule 60(b) motion was filed within a year, it can still be untimely if it fails the 'reasonable-time' requirement of the rule.  Here, there is no showing that this motion was filed timely or within a reasonable time especially since Defendant chose to appeal the judgment before seeking a Rule 60 motion.  The Court finds that the Defendant's Rule 60 motion is untimely."[54]

F.   The Order Being Appealed

Before the bankruptcy court issued its June 9, 2011, orders, on May 31, 2011, a document titled "Motion for relief from judgment and continuation of trial" appeared on the bankruptcy court's docket.[55]  The parties dispute whether this was a new motion that Street filed for the first time on May 31, or whether it was in actuality the "missing" March 7, 2011, motion that Street claimed to have filed originally along with his March 7 application to

---

[53]E.g., AER, Tab 20 (Order Granting Plaintiff's Motion to Strike Defendant's Motion to file Documents Under Seal and Motion(s) for Relief from Judgment); AER Tab 21 (Order Denying Defendant's Motion for Leave to Amend Motion for Relief from Judgment); AER Tab 22 (Order Striking Defendant's April 20, 2011 Amended Motion for Relief from Judgment); SER, Tab 15 (Order Denying Defendant's Motion for Leave to Amend Motion to File Documents Under Seal); SER, Tabs 15-18 (additional June 9 orders striking defendant's motions); SER, Tabs 19-21 (orders entered on June 14 and 22 striking more of defendant's pleadings).

[54]AER, Tab 20 at 397.

[55]AER, Tab 25 at 442 (Docket Entry 149).

seal, which appeared late on the docket due to a docketing error. The bankruptcy court's docket entry associated with the filing contains a notation that the document was "ORIGINALLY FILED 3/7/11," even though it was entered almost three months later.[56] The document itself bears a file stamp of March 7, 2011.[57]  Similar to Street's other motions, the May 31, 2011, filing raised arguments under Rule 60(b)(1)-(3).

On October 4, 2011, the bankruptcy court issued an Order denying Street's May 31 Rule 60(b) Motion, which is the subject of the instant appeal.[58]  As to timely filing, the bankruptcy court observed that despite the March 7, 2011, file-stamp on the document, the accompanying proof of service was not dated and also misstated the mailing address for appellee's counsel.[59]  These facts, the bankruptcy court stated, suggested that both service and timeliness were in issue and that the court therefore could not conclude that the May 31, 2011, docket entry should "relate back" to the March 7, 2011, file stamp date.[60]

The bankruptcy court also held that even if Street's motion related back to March 7, the motion would still fail for a number of reasons.  First, as of March 7, the bankruptcy court's judgment remained pending on appeal, thereby divesting the bankruptcy

---

[56]Id.

[57]AER, Tab 19 at 357.

[58]SER, Tab 23 ("Order Denying Defendant's Motion for Relief from Judgment and Or Continuation of Trial Under Rule 60" [hereinafter Bankruptcy Court Order]).

[59]Id. at 209.

[60]Id.

13

court's jurisdiction over the matter.[61]   See Gould v. Mut. Life
Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir. 1986).   Second, the
bankruptcy court held that Street "cannot overcome the effect of
the District Court's May 23 ruling affirming the Judgment," which
Street had not appealed.[62]   The bankruptcy court suggested that
these circumstances rendered Street's Rule 60 motions moot.[63]

Finally, the bankruptcy court addressed the merits of Street's
Rule 60(b) arguments.   Street's arguments regarding newly-
discovered evidence and purported "fraud on the court" largely
relied on the same factual contentions, and although it did not
explicitly state that it was doing so, he appears to have addressed
those arguments together.   The bankruptcy court observed that
Street had offered no explanation as to the timing of when these
"newly discovered" motions had surfaced, and had proffered no
suggestion that they could not have been raised within the time
requirements of Rule 60(b)(2).[64]   The court also examined the
evidence Street had proffered, and stated that they did "not negate
the facts . . . showing that Defendant, himself, breached his duty
to the trust," and that Street was not absolved of liability simply
"because Plaintiff may have breached his own duties."[65]      As for
Street's argument of excusable neglect based on Greer's deficient
representation, the court concluded:

---

[61]Id. at 415.

[62]Id.

[63]Id. at 415-16.

[64]Id. at 416.

[65]Id. at 416-17.

14

"Defendant was present throughout the course of trial. If he did not agree with a stipulated fact, he could have challenged those facts at trial or asked his counsel to challenge them.  He could have informed the court that he did not stipulate to those facts.  Likewise, he could have fired his counsel at or before trial if he believed that he did not consent to the way his counsel conducted his defense.  He failed to do so.  In addition, the trial was extensive . . . and numerous items of evidence were presented . . . that established Defendant's liability. The Court considered all evidence presented at trial not only the stipulated facts.  Indeed, Defendant failed to demonstrate that his failure to correct his counsel was 'excusable' when he was an active participant and a witness at trial.  He also had the opportunity to negate the evidence presented in court."[66]

As Street's motion did not explicitly address relief under Rule 60(b)(6), the court did not address that provision.  Finding that Street had failed to raise any meritorious basis for relief under Rule 60(b), the bankruptcy court denied his motion.

Street engaged a third lawyer, Christopher Pitet, shortly before the hearing on his May 31 Rule 60(b) motion, who is representing him through this appeal.

II.  DISCUSSION

A.  Standard of Review

District Courts have jurisdiction to hear appeals from final judgments, orders or decrees of the bankruptcy court.  28 U.S.C. § 158(a).  "When reviewing a bankruptcy court's decision . . . a district court functions as a[n] appellate court and applies the standard of review generally applied in the federal court[s] [of] appeal[]."  In re Webb v. Reserve Life Ins. Co., 954 F.2d 1102, 1103-04 (5th Cir. 1992).  The district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous.  See In re Banks, 263 F.3d 862, 867 (9th Cir. 2001). A

_____

[66]AER, Tab 23 at 417.

15

1  finding is clearly erroneous "'when although there is evidence to

2  support it, the reviewing court on the entire evidence is left with

3  the definite and firm conviction that a mistake has been

4  committed.'" Id. at 869 (9th Cir. 2001) (quoting Anderson v.

5  Bessemer City, 470 U.S. 564, 573 (1985)).  The district court

6  reviews the bankruptcy court's conclusions of law de novo.  Laws v.

7  Sony Music Entm't, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006).

8       The bankruptcy court's order on a Rule 60(b) motion is

9  reviewed for abuse of discretion.  See Latshaw v. Trainer Wortham &

10 Co., 452 F.3d 1097, 1100 (9th Cir. 2006).  Reversal is warranted

11 only if the bankruptcy court did "not apply the correct law,

12 rest[ed] its decision on a clearly erroneous finding of a material

13 fact, or applie[d] the correct legal standard in a manner that

14 result[ed] in an abuse of discretion." Engleson v. Burlington N.

15 R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992).

16      When sitting as an appellate court in bankruptcy, the district

17 court need not adopt the bankruptcy court's rationale for its

18 decision.  Rather, like other appellate courts, it may affirm on

19 any basis fairly supported by the record.  See In re Frontier

20 Props., Inc., 979 F.2d 1358, 1364 (9th Cir. 1992) ("[W]e may affirm

21 on any basis supported by the record . . . "); In re Hopkins .v

22 United States, 201 B.R. 993 (D. Nev. 1996).

23      B.   Whether the Bankruptcy Court's Order Should Be Reversed

24      The gravamen of Street's contention on appeal is whether he is

25 entitled to relief under Rule 60(b)(6) as a result of Greer's gross

26 negligence.  See Fed. R. Civ. P. 60(b)(6) (stating that court may

27 relieve party or legal representative from final judgment for "any

28 other reason that justifies relief").  In response, appellees raise

16

three primary arguments.  First, they contend that Street's current appeal is "at its core . . . a challenge to [the bankruptcy court's] evidentiary rulings that precluded testimony contrary to stipulated facts," and that Street raised and subsequently abandoned this challenge in his appeal of the underlying judgment.[67]  As a consequence, appellees assert, Street can no longer raise this claim.[68]  Second, appellees argue that as Street did not appeal from the denial of his March 11 and April 20 "amended" motions, those rulings are final and unappealable and that moreover, the bankruptcy court was correct in ruling that Street's Rule 60(b) motions were untimely filed, thereby procedurally barring the instant appeal.[69]  Third, they contend that the bankruptcy court did not abuse its discretion in denying Street's motions on their merits, and that even if the bankruptcy court were to consider Street's motion under Rule 60(b)(6), the record supports a conclusion that Street has failed to demonstrate that he is entitled to relief.[70]  The court addresses each contention in turn.

       1.   <u>Whether Street Has Abandoned Issues Related to the Stipulated Facts and Incompetence of Trial Counsel</u>

Appellees characterize Street's argument regarding Greer's incompetence as trial counsel as a thinly-veiled attempt to overturn The bankruptcy court's evidentiary rulings.  This, they

---

[67] Appellees' Opening Brief at 16-18.

[68] <u>Id.</u>

[69]<u>Id.</u> at 18-21.

[70]<u>Id.</u> at 21-28.

1  contend, is an impermissible means of "avoid[ing] the consequences

2  of his prior appeal to the District Court," where he raised the

3  evidentiary rulings in his statement of issues on appeal, but did

4  not argue them in his briefs.[71]

5       As an initial matter, the court agrees that by raising the

6  propriety of the bankruptcy court's evidentiary rulings, but

7  failing to argue the issue in his appeal brief before this court,

8  Street raised and subsequently abandoned any challenge to those

9  rulings.  Kohler v. Inter-Tel. Tech., 244 F.3d 1167, 1182 (9th Cir.

10 2001) ("Issues raised in a brief which are not supported by

11 argument are deemed abandoned." (citations omitted)).

12      This conclusion does not compel a finding that Street has

13 similarly abandoned any arguments as to Greer's incompetence as

14 counsel.  Although the two issues rely to some extent on the same

15 facts and parts of the record, they are nonetheless quite distinct

16 and rely on different legal theories and factual contentions.  Most

17 importantly, any challenge to the bankruptcy court's evidentiary

18 rulings goes directly to the merits of the bankruptcy court's

19 judgment, while arguments regarding Greer's competence address

20 whether Street is entitled to some form of relief from the entry of

21 judgment notwithstanding its merits.  Indeed, despite the appeal

22 brief's mention of Greer's incompetence, Street procedurally could

23 not have raised any arguments to this court regarding trial

24 counsel's deficiencies, as at the time of appeal those issues had

25 not been raised before the bankruptcy court.  See United States v.

26 Robertson, 52 F.3d 789, 791 (9th Cir. 1994) ("Issues not presented

27

28

_____

[71]Id. at 17.

18

1   to the district court cannot generally be raised for the first time
2   on appeal.").  Accordingly, it is highly doubtful that Street could
3   even have properly presented that issue on appeal, much less raised
4   it only to abandon it.

5       Although appellees offer various authorities that allegedly
6   support their contentions, all of the cases cited are inapposite.
7   Some of its cited authority addresses the separate issues of the
8   timeliness of a Rule 60(b)(6) motion, See Hoult v. Hoult, 57 F.3d
9   1, 3 (1st Cir. 1995), or the legal standard governing the merits of
10  such a motion, See Hopper v. Euclid Manor Nursing Home, Inc., 867
11  F.2d 291, 294 (6th Cir. 1989).

12      Additionally, while appellees' argument on this point is
13  unclear, they draw on cases addressing the rule of mandate in
14  support of this argument, contending that this court's affirmance
15  of the bankruptcy court's judgment somehow precludes plaintiff from
16  raising any argument as to Greer's incompetence.  See United States
17  v. Kellington, 217 F.3d 1084, 1093 (9th Cir.2000) ("According to
18  the rule of mandate, although lower courts are obliged to execute
19  the terms of a mandate, they are free as to 'anything not
20  foreclosed by the mandate . . .'").  Appellees suggest that the
21  bankruptcy court "implicitly" recognized this principle when it
22  held that this court's mandate rendered Street's pending Rule 60(b)
23  motion moot.  However, to the extent that the bankruptcy court or
24  appellees believe that the rule of mandate precluded the bankruptcy
25  court from hearing this argument after affirmance, they are
26  incorrect.  The rule of mandate prohibits "entertain[ing] a
27  proceeding inconsistent with" the appellate court's decision, not
28  more. See United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995).

19

1  As noted, the question of Greer's competence as counsel was not

2  raised as a ground for reversal and this court neither expressly

3  nor impliedly resolved the issue on appeal.  Consequently, the

4  mandate did not foreclose the bankruptcy court from considering the

5  issue.  For those reasons, the court cannot conclude that Street is

6  precluded from arguing this issue under a waiver or abandonment

7  theory.

8           2.   Whether Street's Rule 60 Motion was Timely

9      Appellees claim that Street's Rule 60 Motion was time barred.

10  Federal Rule of Civil Procedure 60 governed Street's Rule 60

11  Motion.  See Fed. R. Bank. P. 9024.  Federal Rule of Civil

12  Procedure 60(c) requires such motions to be "made within a

13  reasonable time–and for reasons (1), (2), and (3) no more than a

14  year after the entry of the judgment or order of the date of the

15  proceeding." Fed. R. Civ. P.  When a judge bars a motion because

16  an unreasonable amount of time has passed, the appellate court

17  reviews the decision on an abuse of discretion standard.  United

18  States v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985).

19      The bankruptcy court denied Street's Rule 60 Motion for two

20  reasons: first, it was beyond the time limit that Federal Rule of

21  Civil Procedure 60(c) sets, and, second, it was not filed in a

22  reasonable time, as Rule 60(c) requires.[72]  Street focuses his

23  argument on the first reason.  He only briefly addresses the

24  second, cursorily arguing that since his first appeal to this court

25  took longer than a year, it would be unfair to say that he did not

26

27

28

    [72]AER, Tab 20 at 397.

20

1 file within a reasonable time.[73]  However, the bankruptcy court

2 faulted Street for pursuing that appeal before filing his Rule 60

3 motion in bankruptcy court.[74]  Street does not address this

4 concern, and therefore fails to carry his burden on appeal.

5                 3.    Whether the Bankruptcy Court's Ruling Was

6                        Correct on Its Merits

7     "Judgments are not often set aside under Rule 60(b)(6).

8 Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir.

9 2006).  Instead, the rule is "used sparingly as an equitable remedy

10 to prevent manifest injustice," and "is to be utilized only where

11 extraordinary circumstances prevented a party from taking timely

12 action to prevent or correct an erroneous judgment."  United States

13 v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th

14 Cir.1993)).

15     Rule 60(b)(6) applies only when the reason for granting relief

16 is not covered by any of the rationales outlined in Rule 60(b)(1)-

17 (5), Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 n. 8 (9th

18 Cir. 2002), and "is to be utilized only where extraordinary

19 circumstances prevented a party from taking timely action to

20 prevent or correct an erroneous judgment." Alpine Land & Reservoir

21 Co., 984 F.2d at 1049.  Accordingly, a party who moves for such

22 relief "must demonstrate both injury and circumstances beyond his

23 control that prevented him from proceeding with ... the action in a

24 proper fashion." Tani, 282 F.3d at 1168.

25

26

27

28

[73]Appellant's Reply at 5 n.1.

[74]AER, Tab 20 at 397.

1                    a.   Whether Street's Failure to Cite Rule 60(b)(6)

2                         Precludes Consideration of the Issue on Appeal

3         Before turning to the merits of the parties' contentions, the

4    court must address a threshold issue.  None of Street's numerous

5    Rule 60(b) motions before the bankruptcy court explicitly cited

6    Rule 60(b)(6) or offered any argument suggesting that he was trying

7    to bring a motion under that provision.  Street concedes that this

8    was the case, but argues that the bankruptcy court nonetheless

9    erred in failing to consider his motion under that provision, as

10   the facts raised in Street's briefs clearly suggested an attempt to

11   assert that "extraordinary circumstances" justified relief.

12        As support for this proposition, Street cites to a line of

13   unpublished Ninth Circuit and district court cases that have opined

14   about a court's discretion to consider a motion as brought under

15   Rule 60(b)(6), even when the movant fails to cite to or argue the

16   motion under that rule.  For example, in Moore v. United States,

17   262 Fed. App'x 828, 829-30 (9th Cir. 2008), the court reversed the

18   district court's denial of a Rule 60(b) motion where the movants

19   sought relief from the trial court's entry of summary judgment

20   after their attorney failed to oppose defendant's motion.  See id.

21   at 829.  "Because the attorney's actions amounted to gross

22   negligence," the Ninth Circuit concluded, it was error for the

23   court to deny relief under Rule 60(b)(6).  Id.  Similarly, in

24   Spates-Moore v. Henderson, 305 Fed. App'x 449 (9th Cir. 2008), the

25   court suggested that the district court had erred in failing to

26   analyze a motion for relief from judgment under Rule 60(b)(6), even

27   when the movant had explicitly brought her motion under three other

28   subsections of Rule 60(b) without mentioning the "extraordinary

                                   22

circumstances" provision. _Id._ at 450. _Spates-Moore_ also addressed
a circumstance where the movant's counsel had failed to oppose a
motion for summary judgment. _Id._ The Ninth Circuit recognized
that "much of this information [addressing counsel's negligence]
was never available to the trial judge," but that the trial court
"should have an opportunity to consider whether relief is warranted
under this subsection" and remanded the matter for further
consideration. Id. at 451. Additionally, in _McKinney v. Boyle_,
404 F.2d 632, 633 (9th Cir. 1968), a case neither party cites nor
discusses, the Ninth Circuit held that the district court had erred
in denying as untimely a Rule 60(b) motion made on the ground of
"fraud and deceit," thus seemingly bringing it within the purview
of Rule 60(b)(3). In that case, the movant contended that his own
counsel had deceived him and entered into a stipulation to dismiss
the case without his consent. _Id._ at 633. The movant had
apparently not cited to a specific subsection of the rule, but
since the motion addressed fraud committed on the movant by his own
counsel, it brought him "within ground (6), as to which there is no
fixed time limit." _Id._ at 634. The Ninth Circuit remanded for the
district court to "receive further evidence relating to the
plaintiff's motion to set aside the order of dismissal, and to
decide the motion," as well as address whether the motion was
brought under a "reasonable time." _Id._

Following this seeming trend in the Ninth Circuit, at least
one other California district court has considered whether "any
other reason []justifies relief" under Rule 60(b)(6), even if the
movant never cited to or raised arguments under that subsection.
See _Slama v. City of Madera_, No. 1:08-cv-00810-AWI-SKO, 2011 WL

1   3667334 (E.D. Cal. 2011) ("Although Plaintiff does not specifically
2   argue for relief pursuant to Rule 60(b)(6), unpublished Ninth
3   Circuit cases indicate that district courts should determine
4   whether circumstances warrant consideration under Rule 60(b)(6) . .
5   . . As such, the Court considers whether there is "any other
6   reason that justifies relief" pursuant to Rule 60(b)(6)." (internal
7   citations omitted)).

8       This court appreciates the need to discern trends in Ninth
9   Circuit authority even when the circuit has not issued published
10  guidance directly on point.[75]  Nonetheless, the court does not find
11  that the bankruptcy court erred as a matter of law in failing *sua*
12  *sponte* to raise an issue that Street never attempted to raise
13  before the district court.  As noted, Street's arguments were
14  explicitly brought under Rules 60(b)(1)-(3) and its argument on the
15  issue of Greer's negligence comprised a little over a page of his
16  briefs,[76] which focused heavily on plaintiff's alleged fraud on the
17  court.  Although Street was a pro se plaintiff who lacked awareness
18  of the intricacies of the Federal Rules, the fact that he
19  specifically cited three separate subsections of Rule 60 in his
20  motions suggests some level of understanding of the Rule's
21  operation.  This court will not require the bankruptcy court to
22  construct an argument on defendant's behalf.

23  _____

24      [75]This issue has been raised to the Ninth Circuit at least once before in
    a published opinion, but there the court decided that it need not reach the
25  issue and rested its opinion on other grounds.  See Hopper v. Euclid Manor
    Nursing Home, Inc., 867 F.2d 291, 294 (9th Cir. 1989) ("As an initial matter,
26  defendant challenges the District Court's authority to utilize Rule 60(b)(6) on
    its own motion. We need not decide this issue since we conclude that the facts
27  of this case do not present an exceptional situation justifying the application
    of Rule 60(b)(6).").

28      [76]AER, Tab 12 at 16-17; Tab 19 at 16-17.

1      Moreover, it is far from a settled proposition that a court is

2  obligated, as a matter of law, to consider Rule 60(b)(6) despite a

3  movant's failure to identify or offer argument under that

4  provision.  <u>Moore</u>, for example, was decided over a strongly worded

5  dissent from Judge Bea, who pointed out that "plaintiffs never

6  argued in the district court they were entitled to relief under

7  subsection (b)(6); indeed, they do not do so here . . . .  The only

8  people who so argue are the majority, and as an original

9  proposition on appeal."  262 Fed. App'x at 829.  In yet another

10  unpublished decision, the Ninth Circuit concluded that the district

11  court had acted within its discretion in denying a motion for

12  relief under Rule 60(b)(1) from a default judgment and did not

13  reach the issue of whether Rule 60(b)(6) applied.  <u>Icho v. Hammer</u>,

14  434 Fed. Appx. 588 (9th Cir. 2011).  The panel declined to apply

15  that subsection over a dissent from Judge Goodwin, who contended

16  that "this circuit has long recast a party's own characterization

17  of subject matter from one subsection to another."  <u>Id.</u> at 592 n. 1

18  (citing <u>McKinney</u>, 404 F. 2d at 634).  Judge Goodwin characterized

19  this decision as a choice "within [a] court's discretion," and did

20  not necessarily contend that the lower court had erred as a matter

21  of law.  <u>Id.</u>  These cases strongly suggest that far from a trend in

22  Ninth Circuit law on the area toward applying Rule 60(b)(6) even in

23  the absence of citation or argument under the rule, the law is

24  simply unsettled on this point, and no precedential, binding

25  authority requires its application in these circumstances.

26      The court finds that the bankruptcy court did not err by

27  failing to construe Street's motion as brought under Rule 60(b)(6).

28

25

1                  b.    Whether Relief Under Rule 60(b)(6) is Warranted

2        Even were the court to conclude that the bankruptcy court

3  should have addressed Street's motion under Rule 60(b)(6), the

4  record discloses more than sufficient basis to find that the

5  bankruptcy court did not abuse his discretion in denying Street's

6  motion on its merits.  As an initial matter, Street relies on a

7  line of Ninth Circuit authority that is of questionable

8  applicability to the present case.  Specifically, Street cites

9  Comty. Dental Servs. v. Tani, where the Ninth Circuit joined a

10  number of other circuits in "in holding that where the client has

11  demonstrated gross negligence on the part of his counsel, a default

12  judgment against the client may be set aside pursuant to Rule

13  60(b)(6)."  282 F.3d at 1169.  In reaching this conclusion, the

14  Tani court observed that "judgment by default is an extreme

15  measure" cutting against the strong preference for resolving a case

16  on its merits, and that "the judicial system loses credibility as

17  well as the appearance of fairness, if the result is that an

18  innocent party is forced to suffer drastic consequences."  Id. at

19  1170.  Tani also drew a crucial distinction between "gross

20  negligence-which is not chargeable to the client-and ordinary

21  negligence or neglect-which is."  Id.  In the former set of

22  circumstances, the Ninth Circuit held that a party should not be

23  held responsible for his or her counsel's failures, especially if

24  that failure leads to the entry of judgment without the opportunity

25  to properly defend his or her claims.

26        The Ninth Circuit extended Tani's reasoning outside the

27  default judgment context in Lal v. California, 610 F.3d 518, 520-21

28  (2010), ruling that counsel's gross negligence warranted relief

from a district court's order dismissing a case after the attorney "failed to meet deadlines and attend hearings." Id. at 520-21. The fact situation confronting the Lal court was "the converse of a default judgment," and the "only significant difference is that the plaintiff rather than the defendant suffers the adverse judgment." Id. at 524-25. As "[a] dismissal for failure to prosecute under Rule 41(b) is much more like a default judgment . . . . The same policy considerations underlie dismissal for failure to prosecute." Id. at 525. In either circumstance, the Ninth Circuit held, it would be unfair to impute counsel's failures to a litigant, as "[i]n both instances, the consequence of the attorney's action (or inaction) is a loss of the case on the merits." Id. at 524.

    In relying on Tani and Lal, Street elides a critical distinction. Here, Street did not default on his claims, nor was judgment entered against him simply because he had failed to respond to a court order or comply with court rules. Instead, judgment was only entered after Street had the opportunity to litigate his claims in a full trial on the merits, where his attorney made objections, presented evidence, and made arguments in an effort to defend against Harrow's claims. Street points out that Greer failed to attend a pretrial conference, agreed to numerous stipulated facts that supported the bankruptcy court's finding of liability, and attempted to call, then withdrew, a damages expert who may have mitigated some of the judgment amount. He characterizes Greer's failures as akin to counsel's failures in Tani and Lal, and suggests that Greer essentially abandoned Street to the mercies of Harrow's counsel and the court. Street cannot dispute, however, that unlike the litigants in those cases, he had

27

ample opportunity for a hearing on the merits of his case, and that

Greer's failure to appear at a single pretrial conference

notwithstanding, he was duly represented at other pretrial

conferences and hearings, as well as at trial itself.  Whatever his

problems with Greer's representation, he cannot claim that

counsel's "abandonment" inevitably led to judgment without

consideration of the merits of his defenses.

Additionally, Street fails to recognize the import of the

Ninth Circuit's opinion in Latshaw, 452 F.3d at 1097, which

declined to apply the Tani-Lal rule to relief from judgment under

Rule 68.  As Rule 68 judgments are "actively supported by courts,"

by contrast to disfavored default judgments, the court held that

counsel's "alleged gross negligence does not provide grounds to

vacate the judgment under Rule 60(b)(6)."  Id. at 1103-04.  Given

the strong policy interest in the finality of judgments, the Ninth

Circuit explicitly declined to apply Rule 60(b)(6) so liberally

outside a context where judgment had been entered by sole reason of

counsel's lapses.  See id. at 1104 ("Latshaw knowingly and

voluntarily signed the Rule 68 acceptance.  Though Latshaw's

decision may have been driven by inept or erroneous advice or

conduct of her counsel, neither the alleged negligence at issue nor

the purported fraud on the court fall among those exceptional

circumstances meriting Rule 60(b)(6) relief.").  Given that the

Ninth Circuit has expressly distinguished some types of judgments

from the default judgments and dismissal orders at issue in Tani

and Lal, Street fails to offer a convincing reason that the "gross

negligence" rule applied in those cases necessarily governs the

court's review here.  See also Sanchez v. Stryker Corp., No.

1  2:10-cv-08832-ODW 2012 WL 1570569, at *4 (C.D. Cal. May 2, 2012)

2  (holding that <u>Tani</u> did not apply to Rule 60(b)(6) motion for relief

3  from order on motion in limine, since movant "[did] not seek relief

4  from a default judgment").

5      Even applying the liberal standard laid forth in <u>Tani</u> and <u>Lal</u>,

6  Street's appeal still fails.  The record discloses sufficient

7  evidence to uphold the bankruptcy court's exercise of discretion.

8  Courts in analogous circumstances have drawn clear distinctions

9  between an attorney's total abandonment of his client's interests,

10  and an attorney's lax or deficient performance and concluded that

11  the latter does not warrant relieving a party from judgment.  For

12  example, in <u>Markray v. AT & T-SBC-Pacific Bell Directory</u>, No. CV

13  07-08001 DDP (CTx), 2010 WL 3220096, *3 (C.D. Cal. Aug. 13, 2010),

14  the court denied relief from summary judgment as [p]laintiff's

15  attorney was not grossly negligent."  While the attorney had filed

16  a "substantively weak" opposition to a summary judgment motion, the

17  court could not conclude that he had deliberately misled his client

18  about the case, and had informed her client of the judgment and the

19  need to file a Rule 60(b) motion.  <u>Id.</u>  Under those facts, the

20  court held that the "plaintiff's attorney did not virtually

21  abandon" her client and denied relief under Rule 60(b)(6).  <u>Id.</u>

22  Similarly, in <u>Brown v. Cowlitz County</u>, No. C09-5090 RBL, 2010 WL

23  1608876, *1-*2 (W.D.Wash. Apr.19, 2010), the district court denied

24  relief from summary judgment under Rule 60(b)(6), finding that

25  "counsel cannot be considered to have abandoned his client."  <u>Id.</u>

26  at *2.  Counsel filed pleadings opposing one of the motions for

27  summary judgment, although he had failed to oppose the other.

28  Counsel had also subsequently filed a motion for reconsideration.

29

1   <u>Id.</u>  As such, the plaintiff was "not entitled to relief due to

2   attorney abandonment or gross negligence under Rule 60(b)(6)."  <u>Id.</u>

3   Additionally, in <u>Sylver v. Mathis</u>, No. 2:09-cv-00855-RLH-LRL, 2012

4   WL 1946966, *2 (D. Nev. 2012), the court declined to grant relief

5   on the basis of a "theoretically faulty opposition to the motion

6   for summary judgment," since counsel "did oppose the motion, just

7   in a way [the plaintiff] disagrees with and that may have been

8   negligent."  <u>Id.</u>

9        The court cannot conclude on this record that the bankruptcy

10  court abused its discretion in denying relief.  As the bankruptcy

11  court observed, his order entering judgment relied on "numerous

12  items of evidence" aside from the stipulated facts, and that Street

13  "had the opportunity to negate the evidence presented in court."[77]

14  While Greer failed to appear at the parties' initial pretrial

15  conference, the bankruptcy court gave defense counsel the

16  opportunity to correct that error, and Greer later appeared at a

17  second pretrial conference before the court, where the parties

18  discussed the conference order and Greer suggested that the

19  defendant would be relying on the same stipulated facts as the

20  plaintiff.  Greer was also unquestionably present at trial, where

21  he offered argument, presented testimony, and asserted objections

22  to the plaintiff's evidence.  Although Street may now have concerns

23  with how the case was handled and the efficacy of Greer's

24  representation, the court discerns no basis for concluding that his

25  performance was so ineffective or absent that it amounts to the

26  entry of default judgment against defendant.

27

28

[77]Bankr. Ct. Order at 5.

30

Street's moving papers suggest in conclusory fashion that Greer acted "without [his] authority or in [his] interest," a contention that may support a conclusion that his performance was grossly deficient.  The record discloses minimal evidence on this point, however, and neither the bankruptcy court nor this court in review has any reason to believe that Greer failed to communicate with Street regarding his representation, or that the stipulations entered into via the pretrial conference orders were made without his knowledge and consent.  On appeal, Street has not pointed to any evidence indicating otherwise; indeed, the only testimony in the record about the defendant's position on the stipulated facts is testimony on the second day of trial suggesting that Street agreed with at least some of the stipulated facts laid forth in the amended pretrial conference order.  Additionally, although the trial transcript discloses an instance where Street was prevented from testifying about his belief that one of the stipulated facts was not correct,[78] he has adduced no evidence before the bankruptcy court of his purported disagreement with the remaining 80 stipulated facts, nor does he identify any such evidence now.  Cf. Madison v. First Mangus Financial Corp., No. CV-08-1562-PHX-GMS, 2009 WL 1148453, at *2-*4 (D. Ariz. Apr.28, 2009) ("Despite receiving notice of dismissal and knowledge of the deadline for repleading the matter, Mr. Jung failed to properly inform his client of the developments, failed to notify her when the deadline was imminent, failed to file a second amended complaint despite assurances the he would do so, and even avoided corresponding with

---

[78]SER, Tab 28 at 345.

1  Plaintiff after the deadline was missed. Nor did Mr. Jung file a

2  motion for relief on behalf of his client. His deficient

3  representation resulted in the 'ultimate sanction' against

4  Plaintiff—the loss of her ability to present the merits of her

5  case. . . .").

6      While Street may have claims that Greer's representation was

7  negligent and harmful to his interests, the present record

8  discloses no reason to conclude that the bankruptcy court abused

9  its discretion by denying Street's motion.  See Allmerica Fin. Life

10 Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir.1997)

11 (holding that "[c]ontrary to Llewellyn's contention, counsel's

12 failure to plead an affirmative defense of waiver in the First

13 Amended Answer does not provide a basis for equitable relief under

14 Rule 60(b)(1)" or 60(b)(6)).  Cf. Casey v. Albertson's Inc., 362

15 F.3d 1254, 1260 (9th Cir.2004) ("As a general rule, parties are

16 bound by the actions of their lawyers and alleged attorney

17 malpractice does not usually provide a basis to set aside a

18 judgment pursuant to Rule 60(b)(1).").

19

20                     IV.  CONCLUSION

21      For the reasons stated, the decision of the bankruptcy court

22 is AFFIRMED.

23

24 IT IS SO ORDERED.

25

26

27 Dated: March 5, 2013

28                              DEAN D.  PREGERSON
                               United States District Judge