**O**

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE FRUEHAUF TRAILER CORPORATION; CHRISS W. STREET,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL W. HARROW, AS SUCCESSOR TRUSTEE OF THE END OF THE ROAD TRUST, AND AMERICAN TRAILER INDUSTRIES, INC.,<br><br>Defendants. | ) | Case No. CV 11-09218 DDP<br><br>ORDER DENYING APPELLEE'S MOTION FOR APPEAL BOND<br><br>[Docket No. 54] |

**I. Background**

Appellant Christ Street ("Appellant" or "Street") appealed the Bankruptcy Court's denial of his Rule 60(b) motion for relief from judgment. See Docket Nos. 1, 8. This Court affirmed the Bankruptcy Court. Docket No. 41. Street has appealed to the Ninth Circuit. See Docket No. 43. Presently before the court is Appellee Daniel Harrow's ("Appellee") Motion for Appeal Bond ("Motion"). Docket No. 54.

**II. Legal Standard**

Under Federal Rule of Appellate Procedure 7, courts have the discretion both to determine whether a bond is appropriate and if so, the amount. Fleury v. Richemont N. Am., Inc., C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). "A district court may require an appellant to file a bond . . . in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7 (emphasis added). The Ninth Circuit has emphasized that Rule 7 says "may" instead of "shall." Azizian v. Federated Department Stores, Inc., 499 F.3d 950 (9th Cir. 2007). Some district courts have interpreted Ninth Circuit authority to create a three factor test for deciding whether a Rule 7 bond is proper: (1) the appellant's ability to post bond; (2) the risk that the appellant will not pay costs if the appeal is unsuccessful; and (3) the likelihood that the appellant will lose his appeal and be subject to costs. Id. at *7 (applying the reasoning of *Azizian*, 499 F.3d 950). A bond is meant to "protect an appellee against the risk of nonpayment by an unsuccesful appellant." Yingling v. Ebay, Inc., No. C 09-01733 JW, 2011 WL 2790181, at *1 (N.D. Cal. July 5, 2011).

**III. Analysis.**

**1. Ability to Post Bond**

"The first factor, ability to pay, is grounded in due process concerns." Schulken v. Washington Mut. Bank, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). Courts must take care not to "unduly burden a party's right to appeal." Azizian, 499 F.3d at 961. Here, there are serious concerns about Appellants

ability to pay, and thus concerns that a Rule 7 bond would prevent him from exercising his right to appeal this Court's decision.

Street's counsel submitted a declaration stating that he is Street's personal friend, that Street was only able to pay $15,000 of the $50,000 in legal fees associated with his appeal to this Court, and that Street is unable to pay the legal fees for his Ninth Circuit appeal. Pitet Decl. ¶¶ 2-4, Docket No. 55-1. Appellee contends that Appellant's inability to pay lacks credibility, as several attorneys have previously represented him in this action. Docket No. 56 at 2:18-22. However, the fact that Appellant may once have had appreciable funds to litigate this case does not mean he currently does. Additionally, Appellee does not address Appellant's counsel's declaration, nor does his memorandum and reply cite any contrary evidence. See Docket Nos. 54 at 5:18-28; Docket No. 56 at 2:18-22. While Appellee's briefs argue contrary evidence exists, the "unsworn statement in [Appellee's] briefing is not evidence." J & J Sports Prods., Inc. v. Jimenez, No. 11-CV-5435-LHK, 2012 WL 4713716 (N.D. Cal. Oct. 1, 2012)(citing United States v. Zermeno, 66 F.3d 1058, 1062 (9th Cir.1995).) Appellant's inability to pay weighs strongly in favor of denying a Rule 7 bond.

**2. Risk the Appellant will not Pay**

The likelihood of encountering difficulty in collecting judgment against an unsuccessful appellant is another factor in determining the appropriateness of a Rule 7 bond. Schulken, at *7. Appellee argues that he has been unable to collect the $1,521 in costs associated with the appeal to this Court in addition to the $7 million judgment levied against Appellant in the bankruptcy

proceedings. Docket No. 54 at 6:1-11. As to the $1,521 in appellate costs before this Court, it does not appear that Appellee's request for costs has been ruled on. See Docket No. 45. Appellant should not be faulted for not paying what he has not been ordered to. However, Appellant does not dispute that he has not paid the $7 million, but he states he cannot afford to–a likely proposition since, as discussed supra, he cannot afford to pay his attorney for the Ninth Circuit appeal. In light of the outstanding $7 million, the instant factor weighs in favor of a Rule 7 bond.

**3. Likelihood Appellant will Lose Appeal**

The likelihood of success on appeal is another factor bearing on whether a Rule 7 bond should be issued. Schulken at *4-5. Based on the reasoning articulated in this Court's order, Appellant's Ninth Circuit appeal is unlikely to succeed. This factor weighs in favor of a Rule 7 bond.

## IV. Conclusion

Factors two and three favor ordering a Rule 7 bond. However, the second factor–risk that Appellant will not pay–is at odds with the first factor–ability to pay. The second factor should not function to nullify the first, considering the first factor's due process concerns. See Schulken, 2013 WL 1345716 at *4. In light of the strong due process concerns of forcing Appellant to pay a bond that the evidence suggests he cannot afford, the Court DENIES Appellee's Motion.

IT IS SO ORDERED.

Dated: June 25, 2013

DEAN D. PREGERSON
United States District Judge